[Civ. No. 2834. Second Appellate District, Division One.—May 2, 1921.]

L. MAE PORTER, Appellant, v. ROSS O. PORTER, Respondent.

[1] DIVORCE—DESERTION—WILLFUL NEGLECT—TIME OF CONTINUATION. Willful desertion or willful neglect must continue for one year before either is a ground of divorce.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. P. Johnson for Appellant.

No appearance for Respondent.

---

·1. Desertion as ground for divorce, notes, 119 **Am. St. Rep.** 617; 138 **Am. St. Rep.** 146.

CONREY, P. J.—Appeal by the plaintiff from judgment denying her application for a divorce from the defendant. There were two causes of action set out in the complaint, one being on account of willful desertion and the second on account of willful neglect. The parties were married on April 11, 1917, at Los Angeles, California. On April 9th defendant had enlisted in the United States army. On the 13th he was required to report for duty, and was still absent in that service on May 6, 1918, when the complaint in this action was filed. Personal service of the summons and complaint was made upon the defendant in the county of San Diego. His default on nonappearance was duly entered. Nevertheless, an attorney appointed by the court appeared to represent defendant at the trial.

Appellant contends that the court erred in denying a decree of divorce "for the reason that desertion is purely a matter of intent and our contention is that the intent to desert was clearly shown in his case." The evidence consists of the testimony of the plaintiff and of her mother, together with a letter of the defendant to the plaintiff dated April 7, 1918. The testimony entirely fails to show any abandonment of the plaintiff by the defendant at the time when he responded to the call for service in the army. The letter shows that at the time of writing defendant had decided that he would not again live with the plaintiff, but it likewise indicated that he had very recently arrived at that decision.

The evidence is equally insufficient to prove willful neglect of the husband in failing to provide for his wife the common necessaries of life, he having the ability to do so. (Civ. Code, sec. 105.) In November, 1917, the defendant arranged for an allotment to her out of his army pay, and from the time when that went into effect until the trial of this action she was receiving that allotment, amounting to thirty dollars per month. There is no evidence that defendant was able to pay anything more. [1] Willful desertion or willful neglect must continue for one year before either is a ground for divorce. The plaintiff failed to establish a case on either of the grounds stated. The appeal is entirely without merit.

The judgment is affirmed.

Shaw, J., and James, J., concurred.