HENRY M. PROPPER, etc., Plaintiff, *v.* GENE BUCK, etc., Defendant.

Supreme Court, Special Term, New York County. February 3, 1942.

*A. Walter Socolow*, for the plaintiff.

*Schwartz & Frohlich* [*Louis D. Frohlich* and *Herbert P. Jacoby* of counsel], for the defendant.

WALTER, J.   This action is brought by a resident of New York in his capacity as receiver, appointed under section 977-b of the Civil Practice Act of the assets in this State of what is alleged to be an Austrian corporation.   It is, in form, an action at law to recover a sum of money alleged to be due to that Austrian corporation from an unincorporated association of more than seven persons located in this State under a written agreement the terms of which contemplated that sums of money would become due from the Austrian corporation to defendant association as well as from defendant association to the Austrian corporation.   What defendant association owes the Austrian corporation thus depends, in part at least, upon what, if anything, the Austrian corporation owes defendant association and the action thus in reality involves the taking of both sides of an account.   Defendant association says that because of the war it cannot get necessary evidence as to what the Austrian corporation owes it, and upon that ground, and also upon the ground that the action is being prosecuted on behalf of non-resident enemy aliens, it asks that proceedings herein be stayed.

The action was brought before the United States became a belligerent: an examination of defendant before trial is in progress under an order of the Appellate Division made after the United States became a belligerent (263 App. Div. 807), and an order for a bill of particulars is as yet not wholly complied with; and until the bill of particulars is served and the examination before trial is completed I think it cannot be said that there is a satisfactory showing that a stay is necessary to protect defendant's rights. What showing then can be made in that regard I do not pretend to say.

No stay being now shown to be necessary to protect defendant's rights. it follows that the motion for a stay should be denied, with leave to renew at a later date upon a showing of such necessity, unless there be merit in the contention that there is a legal right to a stay because the action is being prosecuted on behalf of non-resident enemy aliens.

The principle is well settled that war suspends the right of non-resident alien enemies to prosecute actions in our courts (*Cohn* v. *Gismond & Co., Inc.*, 203 App. Div. 453, 454; *Rothbarth v. Herzfeld*, 179 id. 865, 866; *Ex Parte Colonna*, 314 U. S. 510; 86 L. Ed. 357), and it cannot be denied that the plaintiff here, although himself neither an enemy nor an alien nor a non-resident, is seeking to enforce a cause of action which, at least until his appointment, existed, if at all, in favor of a non-resident alien which is also an enemy as the term " enemy " is defined in the Trading with the Enemy Act. (40 Stat. 411, § 2; U. S. Code Ann. tit. 50, Appendix, § 2.) His right to recover must rest upon the rights of such non-resident alien enemy, and while section 977-b of the Civil Practice Act purports to vest a receiver appointed thereunder with title to claims existing in favor of the foreign corporation it also is possible that under that section some proceeds of a recovery herein untimately may benefit non-resident alien enemies. (See *Olner* v. *American-Oriental Banking Corp.*, 252 App Div. 212; affd.. 277 N. Y. 588.) The question thus occurs whether the suspension of right to prosecute which war entails is a disability attendant upon the personal status of the record plaintiff or is a disability attendant upon the enforcement of any cause of action the enforcement of which may benefit non-resident alien enemies.

There are indications that the suspension of right to prosecute is a disability attendant upon the personal status of the record plaintiff (See *Cohn* v. *Gismond & Co., Inc.*, *supra; Schulz Co.* v. *Raimes & Co.*, 100 Misc. 697, per LEHMAN, J.), but I think there well may be circumstances under which the interposition of a record plaintiff who is not a non-resident alien enemy might not serve to avoid the suspension — as, for example, an assignment of a cause of action shown to have been made solely for the purpose of the suit. It is not here necessary to make a definitive decision. I here deal with this case only, and as the plaintiff here is a receiver acting under appointment of this court and accountable to it, and can make no distribution of any recovery except upon the court's order, I conclude that there is here no such suspension of right to prosecute as gives a legal right to a stay.

In *Rothbarth* v. *Herzfeld* (*supra*) the alien enemy plaintiffs had assigned the cause of action to American citizens, and it was urged

that because of such assignment no stay should be granted, but the court nevertheless held that as the alien enemy plaintiffs still controlled the litigation and would be required to distribute the bulk of the proceeds of any recovery to alien enemies the stay should be granted. As the case at bar presents the converse of that situation, in that the control of this litigation is vested in a receiver of this court and no distribution can be made except upon the court's order, the reasoning of that case leads me to the converse result. It may be that the entire recovery, if any, will be consumed in paying local creditors of the Austrian corporation, and if not a stay may be invoked when some non-resident alien enemy attempts to obtain a share of the recovery.

The motion for a stay is accordingly denied, with leave to renew at a later time upon a showing that a stay is necessary in order to enable defendant to obtain evidence essential to the defense of the action. Settle order.