Paul Lederer, by Frederic Lederer et al., His Attorneys in Fact, Plaintiff, *v.* Montifiore G. Kahn, Defendant.

Supreme Court, Special Term, New York County, January 5, 1943.

*Allen Wolfsont* for defendant.

*Sidney Greenman* for plaintiff.

Cohalan, J. Defendant seeks to enjoin any and all proceedings on behalf of plaintiff by his attorneys until after cessation of the present world-wide hostilities, on the ground that he is an enemy alien within the purview of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 *et seq*). The motion is denied as hereinafter indicated.

Plaintiff, a Haitian national, when last heard from was a resident of the city of Shanghai, China, where he had been acting for some time past as the accredited representative of the Republic of Haiti in the capacity of Consul General to that city. Through his duly constituted attorneys in fact he predicates his cause of action against defendant to recover the proceeds of a check in the sum of $3,286.87, allegedly collected for his use and benefit and wrongfully converted by defendant. At the outset, the court takes judicial notice of the fact that the city of Shanghai, China, is occupied, and at the present time wholly controlled, by the armed forces of the Japanese Empire, a conceded enemy of the United States of America, and that within the strict sense of the provisions of the Trading with the Enemy Act plaintiff must be considered, technically, an enemy alien. However, the authorities are numerous to the effect that the concession here made is insufficient of itself to warrant the court's extension of favor to

defendant's plea. The most recent expression anent this question, and one precisely in point, which will be here followed, is the well-reasoned opinion of my learned colleague, Mr. Justice COLLINS in *H. P. Drewry, S. A. R. L.* v. *Onassis,* 179 Misc. 578,* wherein he held that the spirit rather than the letter of the Act should prevail; that access to our courts would not be denied to an enemy alien simply because of his status as such, and that a cause of action possessed by him could be prosecuted to judgment upon condition that the avails thereof, if and when recovered, be controlled by impoundment with an appropriate governmental agency. (See, also, *Birge-Forbes Co.* v. *Heye,* 251 U. S. 317; *Ex Parte Kawato,* 317 U. S. 69; *Propper* v. *Buck,* 178 Misc. 76, affd. 263 App. Div. 948.)

In view of the foregoing, and as heretofore indicated, the application to enjoin is denied and the cause is permitted to proceed to judgment, with the proviso, however, that if and when same be collected the proceeds thereof be deposited with the Alien Property Custodian for such future disposition of same as may be ordered in accordance with governmental regulations.

Settle order.