VANNOY *v*. CITY OF WARREN

1. DAMAGES—DEATH—WRONGFUL DEATH—INTEREST.

The jury is to be instructed to include, as part of its award of damages, interest from the date of the injury to the date the complaint was filed in a wrongful death action where a claim accrues on a date certain.

2. DAMAGES—DEATH—WRONGFUL DEATH—INTEREST—STATUTES.

The defendant shall be liable in a wrongful death action immediately when the verdict is returned for statutory interest from the date of the complaint to the date the judgment is paid (MCLA § 600.6013).

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 March 17, 1970, at Detroit. (Docket No. 8,806.) Decided August 26, 1970, on rehearing. Leave to appeal granted October 29, 1970. 384 Mich 774.

Complaint by Pollieanna Vannoy, administratrix of the estate of John Carl Vannoy, deceased, against

<hr />

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 22 Am Jur 2d, Death § 275.

Recovery of prejudicial interest on wrongful death damages. 196 ALR2d 1104. .

City of Warren and Johnson & Anderson, Inc., for wrongful death. Third-party complaint against Nelson M. Sharrow Excavating Company, Inc., for indemnity. Verdict and judgment for plaintiff, and third-party complaint dismissed. City of Warren and Johnson & Anderson, Inc., appealed and plaintiff cross-appealed. Affirmed, 15 Mich App 158. Leave to appeal denied on the application of the City of Warren, 382 Mich 768. Leave to appeal considered on plaintiff's application, and case remanded on the motion of the Supreme Court for consideration of the date when interest should begin to run on the judgment, 382 Mich 771. The Court of Appeals remanded to the trial court for a determination, and, on appeal, entered an order granting plaintiff statutory interest from the date suit was filed. Defendant's motion for rehearing granted, order granting interest rescinded, and case remanded with instructions.

*Zwerdling, Miller, Klimist & Maurer,* for plaintiff.

*Nunneley, Nunneley, Hirt & Rinehard,* for defendant City of Warren.

*Plunkett, Cooney, Rutt & Peacock,* for defendant Johnson & Anderson, Inc.

Before: LESINSKI, C. J., and R. B. BURNS and FENLON,* JJ.

## ON REHEARING

LESINSKI, C. J. Defendants have moved for rehearing following an order by this Court[1] granting

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Order dated February 24, 1970.

plaintiff statutory interest on the judgment comput-
ed from the date the suit was filed. Due to the
significance of the issue raised in defendants' mo-
tions, we have concluded that the matter is best dis-
posed of by full opinion rather than by summary
order. The instant opinion is, therefore, filed.

The issue raised may be simply put: How is in-
terest to be computed on damages awarded in a
wrongful death action?

This cause has had an unfortunately long history
in our courts.[2] In instructing the jury at the close of
proofs below, the trial court stated:

"Now, members of the jury, on these past dam-
ages, the damages that you award from the date of
his death up until today, if you reach this area, you
will add on top of that interest at the rate of 5% up
until today. That is what it will be 5% per year
from the date— the *Currie-Fiting* case—5% from
the day it was incurred. The funeral bill you can
assume was incurred on February 21, 1961, so there
will be interest on that and the loss of wages or loss
of support as it occurred."

On appeal, in *Vannoy* v. *City of Warren* (1968), 15
Mich App 158, plaintiff argued that interest should
also have been awarded under MCLA § 600.6013
(Stat Ann 1968 Cum Supp § 27A.6013).[3] We dis-
agreed, citing our earlier opinions in *Swift* v. *Dod-
son* (1967), 6 Mich App 480, and *Ballog* v. *Knight
Newspapers, Inc.* (1967), 7 Mich App 273, which held
the above cited statute not retroactive and, there-
fore, not applicable to the instant suit.

Subsequent to this Court's opinion, the Supreme
Court decided *Ballog* v. *Knight Newspapers, Inc.*

---

[2] Beyond the appellate review noted in the body of this opinion,
the instant case also resulted in the opinion of this Court in *Vannoy*
v. *City of Warren* (1965), 2 Mich App 78.

[3] See, currently, MCLA § 600.6013 (Stat Ann 1970 Cum Supp
§ 27A.6013).

(1969), 381 Mich 527, reversing this Court's *Ballog* opinion. The Supreme Court, on its own motion for reconsideration, then remanded the instant case to this Court for redetermination in light of *Ballog. Vannoy* v. *City of Warren* (1969), 382 Mich 771. We in turn remanded to the trial court for computation of interest in a manner consistent with *Ballog* by order dated September 25, 1969.

The difficulty this cause has had in coming to final resolution results from the combined effect of *Currie* v. *Fiting* (1965), 375 Mich 440, and MCLA § 600.6013 (Stat Ann 1970 Cum Supp § 27A.6013). The first of these, *Currie* v. *Fiting,* was decided May 10, 1965. There the Court stated, beginning at 454:

"While unnecessary to this decision, it follows that, in the event of a jury trial, *a jury should be instructed* to ascertain the date when damages accrued and to *add interest on same from date of accrual to date of its verdict.*" (Emphasis supplied.)

While this statement was *dictum,* it was properly given wide application by trial courts. Significantly, however, when *Currie* was decided, the interest statute in effect was MCLA § 600.6013 (Stat Ann 1962 Rev § 27A.6013), which provided in pertinent part:

"Execution may be levied for interest on any money judgment recovered in a civil action, such interest to be *calculated from the date of judgment* at the rate of 5% per year." (Emphasis supplied.)

On July 21, 1965, however, the legislature passed MCLA § 600.6013 (Stat Ann 1965 Cum Supp § 27A-.6013), giving it immediate effect. The statute, as amended in 1966, provides in pertinent part:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be *calcu-*

*lated from the date of filing the complaint* at the rate of 5% year." (Emphasis supplied.)

Thus, we are faced with *Currie, supra,* which allows interest from the date of the injury to the date of the judgment, while the statute allows interest from the date of the complaint until the judgment is finally paid. Seemingly, therefore, double interest is to be given between the date of complaint and date of judgment.

On ·remand the trial court was understandably confused by all that had transpired and found itself unable to comply with this Court's order of September 25, 1969.[4] Plaintiff appealed from the lower court's refusal to award statutory interest and upon leave granted, this Court set about the task of computing interest. We ordered the cause remanded to the trial court with instructions to award interest in the amount of $46,273.96 in favor of plaintiff.

From this order defendants have filed the instant motions for rehearing. It is defendants' position that our computation of interest was improvident in that it constituted double interest between the date the complaint was filed and the date of judgment.

As noted above, when *Currie* was decided the statute in effect provided for interest on judgments only from the date of judgment until the date of payment. The purpose of the *Currie* opinion was merely to extend the allowance of interest, as part of damages, to the time preceding judgment in wrongful death actions. There the Court noted at 454: "[I]t is proper that the defendant should pay inter-

---

[4] The record contains the following expression of frustration by the lower court:

"This court cannot interpret the confusing language of the statute or reconcile it with *Currie.* The only certainty entertained by the court is that the plaintiff may not have interest twice, *i.e.,* from the date of accrual of damages and also from the date of filing complaint. For no other reason, the court denies interest under the statute."

est in order that there may be a full award of damages."

This Court has often noted the distinction between interest on a judgment, which is purely statutory, and interest as an element of damages.[5] The latter is awarded by the jury as part of the general verdict. The former is computed on and added to the general verdict. Yet, both types of interest serve the same basic function: to compensate the plaintiff for the loss of the use of funds.

Thus, while the two types of interest are different, they are related. Therefore, when statutory interest is provided for a given period, it cannot be said that plaintiff is not compensated for the loss of the use of the funds he recovers as a judgment during that period. He has monetary damages, to which he is theoretically entitled at the moment of his loss, and he has interest during the period provided for by statute. He is entitled to nothing more during that period.

As the Court in *Currie* intended only to make plaintiff whole, we believe that the statement in *Currie* that interest is computed from date of injury to date of verdict was not intended to be a hard and fast rule to be applied irrespective of statutory change. Rather, it was a policy statement made within the context of then existing statutory provisions. Therefore, the effect of the statute was to supersede a portion of the *dictum* in *Currie* and to make available interest, *as part of the damages awarded by the jury,* only from the date of injury to the date of complaint.

Combining the principles of both the statute and *Currie,* we hold the following. In a wrongful death action, where a claim accrues as of a date certain, the

---

[5] *Banish* v. *City of Hamtramck* (1968), 9 Mich App 381; *Swift* v. *Dodson* (1967), 6 Mich App 480.

jury is to be instructed to include as part of its award of damages interest from the date of injury to the date the complaint was filed. When the verdict is returned the defendant shall immediately be liable for statutory interest from the date of the complaint to the date the judgment is paid computed in accordance with MCLA § 600.6013 (Stat Ann 1970 Cum Supp § 27A.6013).

Since the trial court below instructed the jury to compute interest from the date of injury to the date of verdict, it was in error[6] to the extent that interest *as part of damages* would include the period between complaint and verdict. As the jury was instructed to award 5% interest, however, and the statute provides for 5% interest, the parties were not prejudiced by the error.

We, therefore, remand this cause to the trial court which shall enter its order awarding interest to plaintiff at the rate of 5% per year. As the judgment already includes interest from the date of complaint to the date of judgment, the court on remand shall only allow interest from the date of the judgment to the date the judgment was or is satisfied. If, as the pleadings in this Court indicate, defendants have already paid the full amount of the judgment together with costs and interest from date of judgment, then all obligations owing from defendants to plaintiff have been met and the trial court shall order the matter closed.

This Court's order of February 24, 1970, in the instant matter is rescinded, and the trial court is to abide by the opinion expressed herein. Costs to defendants Johnson & Anderson, Inc.

All concurred.

---

[6] The jury instruction was given September 22, 1966, long after the effective date of the statute.