Terry M. RYAN, Administratrix of the Estate of Daniel T. Ryan, et al., Plaintiffs,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 33767.

United States District Court, E. D. Michigan, Southern Division.

Dec. 7, 1971.

Richard M. Goodman, Goodman, Eden, Robb, Millender, Goodman & Bedrosian, Detroit, Mich., for plaintiffs.

James S. Goulding, Alexander, Buchanan & Seavitt, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Plaintiffs' decedents, Daniel T. Ryan, Terry Lee Casey, and Walter Robert Fairfull, all citizens and residents of the State of Montana, were traveling in a Ford automobile in Montana when they were involved in an accident which resulted in their deaths. Plaintiffs, the widows of the three men, brought a wrongful death action against the Ford Motor Company, manufacturer of the car, in the Eastern District of Michigan, based upon a strict liability in tort theory. Plaintiffs were awarded damages of $348,000; $308,000; and $297,000, respectively, by a jury.

■ Plaintiffs have submitted an Order of Judgment requiring defendant to pay pre-judgment interest on that verdict from the date of the filing of the Complaint, citing Michigan statute, M.C.L.A. § 600.6013. At the outset, it should be pointed out that no one has any question as to the judgment on the verdict carrying interest at the rate of five percent from the date of the jury verdict. This is in accordance with Section 1961 of the Judicial Code, which reads in part:

"Interest shall be allowed on any money judgment in a civil case recovered in a district court. * * * Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law." 28 U.S.C. § 1961.

But the question of pre-judgment interest is not so easily resolved. Defendant argues that the law of Montana, which state's wrongful death statute provided the remedy for the plaintiffs here, also should apply as to pre-judgment interest. Montana law forbids pre-judgment interest on a wrongful death claim. Wyant v. Dunn, 140 Mont. 181, 368 P.2d 917 (1962); Daly v. Swift & Co., 90 Mont. 52, 300 P. 265 (1931). See also Mont.Rev. Code § 8663.

■ At common law, interest on a judgment was not favored. Gradually, however, interest came to be allowed usually by statute in certain cases. This was especially so with respect to contract actions or actions for a sum certain. Where a tort claim was involved, the courts generally refused to allow interest. As late as 1962, the Michigan Supreme Court stated:

"With certain exceptions * * * and in the absence of contract express or implied, the right to interest in this State is statutory. * * * In the absence of agreement and except by way of damages for money withheld, interest does not run on an unliquidated claim." Fitzpatrick v. Ritzenhein, 367 Mich. 326, 333, 116 N.W. 2d 894, 897 (1962).

■ In 1965, in Currie v. Fiting, 375 Mich. 440, 134 N.W.2d 611 (1965), the court revised this rule and held that a jury could allow interest on a wrongful death claim from the date of injury. The court reasoned:

"Certainly, if prospective damages are to be reduced to present worth it is equally just that damages which have accrued should carry interest from the date of accrual, whether that date be death or otherwise." Id. at 454, 134 N.W.2d at 616.

On July 21, 1965, the Michigan legislature enacted a law providing for interest from the date of filing of the complaint in any civil action (M.C.L.A. § 600.6013). Although designed in some respects to speed settlement of cases, the statute performs the function of all interest statutes in that it is designed to compensate a plaintiff for the lost use of money. This statute, together with the *Currie* rule (*supra*), raised the question of whether a plaintiff was entitled to have the jury add interest and have pre-judgment interest on the verdict.

In Vannoy v. City of Warren, 26 Mich. App. 283, 182 N.W.2d 65 (1970), the court reasoned no, the function of both rules was identical so that to allow a successful plaintiff both would be a windfall. "* * * both types of interest serve the same basic function: to compensate the plaintiff for the loss of use of funds." *Id.* at 288, 182 N.W.2d at 68. The court remanded and instructed the lower court to disallow the statutory pre-judgment interest (at p. 289, 182 N.W.2d 65). Thus, it is quite clear that Michigan plaintiffs are entitled to pre-judgment interest as an element of damages as asked for in this case. This is not so in Montana. It *continues to follow the rule forbidding* pre-judgment interest on a wrongful death claim. Since no amount is due until determined by the jury, a plaintiff is not wrongfully deprived of any money owed him. Therefore, interest is not allowed. Daly v. Swift, *supra.*

■ Thus, a conflict is presented, and Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), directs this court to resolve such conflict of law by reference to the law of Michigan. Lynch v. Electro Refractories & Abrasives Corp., 408 F.2d 363 (6th Cir. 1969).

■ There are no Michigan cases on point teaching which law the Michigan courts would apply. The general rule in the Restatement of Conflicts of Law Second, Section 171, is that the law selected to determine the rights and liabilities of the parties (in this case, Montana) is also the law to be selected for the measure of damages. Comment C of Section 171 states:

"The law selected by the application of the rule of § 145 [Montana] determines whether the plaintiff can recover interest and if so, at what rate for a period prior to the rendition of the judgment as part of the damages for a tort."

It is clear that Michigan, for damage questions, generally would follow the law of Montana in this situation. Summar

v. Besser Mfg. Co., 310 Mich. 347, 351, 17 N.W.2d 209 (1945). Hupp Motor Car Corp. v. Wadsworth, 113 F.2d 827 (6th Cir. 1940). It should be no different where the item of damage is labeled interest.

The rule requiring application of the law of the place of the tort for questions concerning pre-judgment interest has been followed by most courts facing this question. In White v. Zutell, 161 F. Supp. 567 (S.D.N.Y.1958), there was a New Mexico tort sued in federal court sitting in New York. The court applied New Mexico law, stating:

"The restatement rule [cited *supra*] is manifestly sound since it tends to create uniformity in interest awards among the states for claims of like nature arising out of the same accident, and thereby discourages litigants from shopping for favorable jurisdictions in which to commence suit." *Id.* at 569.

See also Sylvania Electric Products Inc. v. Barker, 228 F.2d 842, 851 (1st Cir. 1955), cert. den. 350 U.S. 988, 76 S.Ct. 475, 100 L.Ed. 854; Conte v. Flota Mercante Del Estado, 277 F.2d 664, 672 (2nd Cir. 1960); Pearson v. Northeast Airlines, Inc., 307 F.2d 131, 136, on reh. 309 F.2d 553, 556 (2nd Cir. 1962).

The teaching of the Sixth Circuit is not to the contrary. In Glen Falls Ins. Co. v. Danville Motors, Inc., 333 F.2d 187, 191 (6th Cir. 1964), there was *no* conflicts-of-law question since Kentucky law was controlling as to both substance and procedure. See also Lynch v. Electro Refractories & Abrasives Corp., *supra.*

In Wilkinson v. Eastern Airlines, Inc., and Trans World Airlines (Civil Action No. 29330, March 7, 1971, E.D.Mich.) Judge Talbot Smith concluded that it was a procedural question. With this I respectfully disagree. Interest before judgment relates directly to the substance of the wrongful death claim. It cannot be considered procedural. It relates directly to what Montana law provides to make whole those

persons who are injured by the wrongful act of another.

Therefore, in the absence of controlling authority in the law of Michigan, this court will follow the Restatement rule and order interest to be paid from the date of judgment only, in accordance with the law of Montana.