WISELOGLE v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 164181. Submitted April 11, 1995, at Lansing. Decided August 15, 1995, at 9:00 A.M. Leave to appeal sought.

Barry and Sandra Wiselogle brought an action in the Genesee Circuit Court against Michigan Mutual Insurance Company, their no-fault automobile insurer, seeking underinsured motorist benefits for injuries they sustained as passengers of a vehicle that was struck by another vehicle. An arbitration panel made an award to the plaintiffs, and the court, Robert M. Ransom, J., granted the plaintiffs' motion to confirm the award and reduce it to judgment. Pursuant to a motion by the plaintiffs, the court awarded interest as an element of damages at a rate of twelve percent compounded annually for the period between the injury and the filing of the complaint, as well as interest from the date of the complaint to satisfaction of the judgment at a rate calculated in accordance with MCL 600.6013(5); MSA 27A.6013(5). The defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in awarding interest as an element of damages. Before arbitration, the parties stipulated that the trial court would retain jurisdiction to decide interest. Michigan law recognizes the concept of interest as an element of damages in an effort to fully compensate plaintiffs for their losses. The trial court correctly set interest at twelve percent, as borrowed from MCL 600.6013; MSA 27A.6013, but erred in requiring that the interest be compounded annually. In the absence of a statute to the contrary, an explicit agreement of the parties, or some special circumstance dictating otherwise, the rule in Michigan is that interest shall be calculated as simple rather than compound interest.

2. Prejudgment interest from the date of the arbitration award to the date of the motion to confirm the arbitration award is set at five percent by MCL 438.7; MSA 19.4, which, instead of MCL 600.6013; MSA 27A.6013, governs prejudgment interest because the parties, at the time of the filing of the

REFERENCES

Am Jur 2d, Alternative Dispute Resolution § 206.

See ALR Index under Arbitration and Award; Interest on Money.

complaint, were contractually obligated to have their dispute arbitrated.

3. Postjudgment interest from the date of the motion to confirm the arbitration award to the date of satisfaction of the judgment is governed by MCL 600.6013; MSA 27A.6013, which provides for a fluctuating interest rate.

Affirmed in part, reversed in part, and remanded for recalculation of interest.

WHITE, J., concurring in part and dissenting in part, stated that the case should be remanded for reconsideration and a statement of reasons for the choice of interest rate for the award of interest as an element of damages in light of prime interest rates that were lower than the twelve percent provided by MCL 600.6013; MSA 27A.6013 during the period between the injury and the filing of the complaint and the purpose of awarding interest as an element of damages, i.e., to fully compensate a plaintiff, but not punish a defendant. The trial court, having determined that interest as an element of damages is appropriate under the circumstances, should have awarded simple interest as damages from the date of the accident to the date of the arbitration award not merely to the date of the complaint.

1. DAMAGES — INTEREST AS ELEMENT OF DAMAGES — ARBITRATION.

Simple interest at the rate provided under MCL 600.6013; MSA 27A.6013 from the date of loss or injury to the date of the filing of the complaint may be awarded at arbitration pursuant to a contract between the opposing parties in the absence of a provision in the arbitration agreement expressly denying the arbitrators the authority to award interest as an element of damages.

2. INTEREST — PREJUDGMENT INTEREST — POSTJUDGMENT INTEREST — ARBITRATION PURSUANT TO CONTRACT.

An award of damages following arbitration pursuant to a contract between the opposing parties properly includes prejudgment interest at the rate set by MCL 438.7; MSA 19.4 from the date of the arbitration award to the date of a motion to confirm the arbitration award and postjudgment interest at rates set by MCL 600.6013; MSA 27A.6013 from the date of the motion to confirm the arbitration award to the date of satisfaction of the judgment.

*John D. Nickola,* for the plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for the defendant.

Before: Fitzgerald, P.J., and White and L. Townsend,* JJ.

Fitzgerald, P.J. Defendant appeals as of right from an amended judgment entered in favor of plaintiffs. The judgment awarded plaintiffs $262,099.82 in interest as of March 11, 1993, on an arbitration award of $350,000. The judgment also provided that interest would continue to accrue.

Plaintiffs were injured when the vehicle in which they were passengers was struck by a vehicle driven by John Stefula. After receiving $72,500 from Stefula's insurance carrier, they brought, on September 16, 1987, an action in the circuit court against defendant seeking a declaration that they were entitled to underinsured motorist benefits. Following requests for arbitration from both parties, on September 26, 1988, the trial court ordered arbitration. By stipulation of the parties, the court retained jurisdiction to determine the issues of interest, costs, and attorney fees:

> It is further ordered that the within case shall be and the same hereby is, closed on the docket of this court for statistical purposes with jurisdiction to be retained.

On July 28, 1989, an arbitration panel awarded plaintiffs $350,000. On August 7, 1989, the court issued a judgment for $350,000 in favor of plaintiffs. Plaintiffs were paid $350,000 on September 7, 1989.

On December 28, 1990, plaintiffs filed a motion for an award of interest, costs, and attorney fees. On October 11, 1991, the court issued an opinion awarding plaintiffs five percent interest commenc-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

ing on the date of the arbitration award pursuant to MCL 438.7; MSA 19.4. The trial court, relying on *Old Orchard By the Bay Associates v Hamilton Mutual Ins Co*, 434 Mich 244; 454 NW2d 73 (1990), reasoned that MCL 600.6013; MSA 27A.6013 did not apply because the judgment was entered as the result of a contractually agreed-upon means of dispute resolution that a court lacks the power to alter.

On December 19, 1991, the court issued a supplemental opinion finding that the then-recent decision in *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488; 475 NW2d 704 (1991), mandated an award of interest pursuant to MCL 600.6013; MSA 27A.6013. After entertaining arguments regarding the proper rate of interest, on February 25, 1993, the court issued an order that provided that plaintiffs were entitled to interest as an element of damages from the date of injury until the complaint was filed at a rate of twelve percent compounded annually and that interest from the date of the complaint would be assessed in accordance with MCL 600.6013; MSA 27A.6013 until fully paid. In sum, plaintiffs were awarded $106,216.60 in interest as an element of damages and awarded interest from the date of the complaint through March 11, 1993.[1] Giving defendant credit for the $350,000 it had paid, the amended judgment provided that plaintiffs were entitled to $262,099.82 as of March 11, 1993, and that interest would continue to accrue at a rate of $46 a day until May 19, 1994,[2] and would continue to accrue at a rate to be calculated in accordance with MCL 600.6013(5); MSA 27A.6013(5).

Defendant first argues that plaintiffs were not

[1] It is unclear how the trial court arrived at this date.
[2] It is unclear how the trial court arrived at this date.

entitled to interest as an element of damages.[3] We disagree. Although the endorsement to the insurance policy does not contain an interest provision,[4] the authority to award interest as an element of damages is derived from the broad language contained in the arbitration clause. The arbitration clause empowered the arbitrators to determine whether the insured is legally entitled to recover damages and the proper amount of damages, which would include the determination whether to include common-law interest as an element of damages in order to fully compensate plaintiffs for the loss of use of their money. See *Gordon Sel-Way, supra* at 498-499, which states:

> Consequently, absent a provision expressly precluding authority to award interest as an element of damages, we find that the arbitrators did not exceed the scope of their authority by including an interest amount in their award. This finding comports with MCL 600.5001(2); MSA 27A.5001(2), which provides:
>
> "A provision in a written contract to settle by arbitration . . . a controversy thereafter arising between the parties to the contract . . . shall stand as a submission to arbitration of any controversy arising under said contract *not expressly exempt* from arbitration by the terms of the contract. [Emphasis added.]"
>
> Finally, we acknowledge, as did the Court of Appeals, the fact that Michigan has long recognized the common-law doctrine of awarding interest as an element of damages. 177 Mich App 128-131. The doctrine recognizes that money has a "use value" and interest is a legitimate element of

---

[3] Interest as an element of damages refers to the time period between the date of the accident and the date the plaintiffs filed their cause of action.

[4] This Court has not been provided with a complete copy of the insurance policy. Rather, we have been provided only with an endorsement that governs uninsured motorists coverage.

damages used to compensate the prevailing party for the lost use of its funds. See McCormick, Damages, § 50, pp 205-206. Furthermore, the decision whether to award interest as an element of damages is not dependent upon a contractual promise to pay interest. . . .

It is our belief that the important purposes underlying arbitration are

"better served by considering, in the absence of an explicit agreement to the contrary, pre-award damage claims, including interest, to have been submitted to arbitration." [*Sansone v Metropolitan Property & Liability Ins Co*, 30 Mass App 660, 663; 572 NE2d 588 (1991).]

Thus, in light of the undisputed fact that the parties stipulated the retention of jurisdiction by the trial court to decide the issue of interest as an element of damages, and the fact that Michigan law recognizes the concept of interest as an element of damages, we conclude that there is not substantial or material error evident in the trial court's decision to award interest as an element of damages.

Next, we must determine what interest rate applies when interest is awarded as an element of damages. Defendant maintains that the trial court incorrectly borrowed the twelve percent rate provided in the judgment interest statute, MCL 600.6013; MSA 27A.6013, and suggests that the five percent rate applied in *Vannoy v City of Warren*, 26 Mich App 283; 182 NW2d 65 (1970), is applicable. However, as noted by plaintiffs, the five percent rate utilized in *Vannoy* was based upon the then-current judgment interest statute, and, therefore, the trial court properly borrowed the interest rate set forth in the statute at the time the plaintiffs were injured. See also *Gordon Sel-Way, supra.*

We find, however, that the trial court erred in compounding interest. In *Norman v Norman,* 201 Mich App 182, 187; 506 NW2d 254 (1993), this Court stated:

> In light of the general rule favoring simple interest over compound interest, and in light of the case law, we reach the conclusion that there is a rule to apply regarding simple versus compound interest. Namely, in the absence of a statute to the contrary, an explicit agreement of the parties, or some special circumstance dictating otherwise, the rule in this state is that interest shall be calculated on the basis of simple interest rather than compound interest.

Neither *Vannoy* nor *Gordon Sel-Way,* both of which applied the current interest rate provided in the judgment interest statute, intimated that the interest award was compounded annually. In the absence of any authority providing for the compounding of interest, we find that the trial court erred in compounding the interest awarded to plaintiffs.

Lastly, defendant contends that the trial court erred in concluding that plaintiffs were entitled, under MCL 600.6013(5); MSA 27A.6013(5), to interest on the arbitration award from the date the complaint was filed until the award was fully paid. Defendant maintains that plaintiffs were only entitled to interest from the date of the award until plaintiffs sought to confirm the judgment pursuant to MCL 438.7; MSA 19.4 and to interest from the date plaintiffs sought to confirm the judgment until the judgment was paid pursuant to MCL 600.6013(5); MSA 27A.6013(5).

MCL 600.6013(5); MSA 27A.6013(5) provides in pertinent part:

For complaints filed on or after January 1, 1987, if a judgment is rendered on a written instrument, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually.

In *Old Orchard, supra,* the plaintiff brought a contract action in the circuit court, alleging that the defendant was liable under a surety bond for latent defects relating to the construction of an apartment project owned by the plaintiff. Following discovery and mediation, the parties voluntarily submitted their entire dispute to statutory arbitration. The arbitration tribunal entered an award for the plaintiff, computing interest from the date of the filing of the circuit court complaint at the statutory judgment rate pursuant to MCL 600.6013; MSA 27A.6013. The defendant claimed that the arbitrators erred in awarding interest other than that allowable under the prejudgment interest statute, MCL 438.7; MSA 19.4, from the date of the arbitration award. In upholding the award, the Supreme Court held that where the parties to a contract dispute have no agreement to arbitrate and do not later stipulate an interest entitlement or rate, and the original action is not dismissed, statutory interest may be awarded on the judgment from the date of the filing of the complaint until the judgment is entered, and such interest may be awarded thereafter until the judgment is paid as provided in MCL 600.6013; MSA 27A.6013.

In *Gordon Sel-Way,* a dispute arose between the parties concerning compensation that the plaintiff claimed it was owed under the contract. The plaintiff demanded arbitration. Following an award by the arbitration panel, the plaintiff filed a complaint and motion in the circuit court requesting

the court to confirm the award and reduce it to judgment pursuant to MCR 3.602(I). The trial court entered a judgment ordering the defendant to pay interest pursuant to MCL 438.7; MSA 19.4 at the rate of five percent a year from the date the arbitration award was rendered until the date the judgment was paid. The Court of Appeals affirmed the trial court's decision. The Supreme Court, confronted with a factual situation not present in *Old Orchard,* merely disavowed dicta from *Old Orchard* that suggested that MCL 438.7; MSA 19.4 was not impliedly repealed when a civil action is commenced solely to have an arbitration award confirmed and held that MCL 600.6013; MSA 27A.6013 controls interest from the date a complaint is filed to confirm an arbitration award until the judgment rendered on the award is satisfied. *Gordon Sel-Way, supra* at 508. Contrary to defendant's suggestion, *Gordon Sel-Way* did not hold that MCL 600.6013; MSA 27A.6013 governs the award of interest in *all* proceedings submitted to arbitration only from the date a complaint is filed until the date the judgment is satisfied. Nor did *Gordon Sel-Way* hold, as interpreted by the trial court, that MCL 600.6013; MSA 27A.6013 governs the award of prejudgment interest from the time a civil complaint on the contract is filed. By use of the word "complaint," the Court was referring to a complaint to confirm an arbitration award.

In the present case, the arbitration clause provided that "either party may make a written demand for arbitration." In the absence of a written demand for arbitration, the trial court clearly would have had jurisdiction to decide the contract claim presented to it. However, at the time the instant complaint was filed, plaintiffs had already

made a formal demand for arbitration,[5] and defendant, in its answer to the complaint, requested that the case be dismissed and ordered to arbitration. Consequently, at the time the complaint was filed, the parties were contractually obligated to arbitrate their dispute.[6] The presence of a prior arbitration agreement means that MCL 438.7; MSA 19.4, rather than MCL 600.6013; MSA 27A.6013, governs the award of prejudgment interest in this case from the date the arbitration award was rendered until a motion was filed to confirm the award and reduce it to judgment. *Old Orchard, supra* at 264. Thereafter, MCL 600.6013; MSA 27A.6013 governs the award of interest from the date the motion to confirm was filed until the date the judgment was satisfied. *Gordon Sel-Way, supra* at 504.

In sum, plaintiffs are entitled to interest as an element of damages at the rate of twelve percent simple interest from the date of the accident until the lawsuit was filed. Plaintiffs are not entitled to interest from the date the lawsuit was filed until the arbitration award was rendered. Plaintiffs are also entitled to five percent interest pursuant to MCL 438.7; MSA 19.4 from the time the arbitration award was rendered until the motion to confirm was filed, and to a twelve percent interest rate pursuant to MCL 600.6013; MSA 27A.6013 from the date the motion to confirm was filed until the judgment was satisfied.

Affirmed in part, reversed in part, and remanded for recalculation of interest consistent with this opinion. Jurisdiction is not retained.

---

[5] Plaintiffs made a formal demand for arbitration on September 10, 1987, and filed suit on September 16, 1987.

[6] For all intents and purposes, the trial court dismissed the contract action, and, by stipulation of the parties, retained jurisdiction solely to determine the issues of costs, interest, and attorney fees.

L. TOWNSEND, J., concurred.

WHITE, J. *(concurring in part and dissenting in part).* I agree that the trial court, acting in place of the arbitrators, did not err in awarding interest as an element of damages. I also agree that compounding interest as an element of damages was error. However, I would not, on this record, approve the use of the twelve percent figure found in MCL 600.6013(4); MSA 27A.6013, but would remand to the trial court for reconsideration and a statement of reasons for the choice of a rate.

The trial court apparently concluded it was proper to apply the twelve percent compound rate set forth in MCL 600.6013(4); MSA 27A.6013, applicable to complaints filed between June 1, 1980, and January 1, 1987. While I agree that the trial court, acting in place of the arbitrators, was not bound to apply the five percent rate approved in *Vannoy v City of Warren,* 26 Mich App 283; 182 NW2d 65 (1970), I conclude that the court was obliged to impose a rate designed to allow "full compensation" to plaintiffs, but not punish defendant. See *Banish v Hamtramck,* 9 Mich App 381, 399-400; 157 NW2d 445 (1968). Under the circumstances that (1) the prime interest rate between May 21, 1985—the day after the accident—and September 16, 1987—the date the complaint was filed—fluctuated between a low of 7.5 percent and high of 10 percent,[1] and (2) the analogous provision of MCL 600.6013(5); MSA 27A.6013(5) applicable to complaints filed after January 1, 1987,[2] provided for a rate lower than twelve percent, I believe

---

[1] The record contains a printout of interest rates during the period in question, supplied as an appendix to one of plaintiffs' briefs regarding the interest issue.

[2] The period for which interest was awarded as an element of damages spanned beyond the January 1, 1987, date.

remand for reconsideration and explanation is necessary.

Next, I agree that the arbitration in this case was pursuant to the contract between the parties, as in *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488; 475 NW2d 704 (1991), and not a decision to pursue alternative dispute resolution made in the context of a civil action, as in *Old Orchard By the Bay Associates v Hamilton Mutual Ins Co,* 434 Mich 244; 454 NW2d 73 (1990). Therefore, I agree that the filing of the complaint in 1987 did not enlarge plaintiffs' right to statutory interest under MCL 600.6013; MSA 27A.6013. Nor, however, did it restrict plaintiffs' right to interest as an element of damages. Therefore, I would hold that the trial court, having determined that interest as an element of damages is appropriate under the circumstances, should have awarded simple interest as damages from May 20, 1985, to the date of the arbitration award, July 25, 1989, and not merely to the date of the complaint.

Finally, I agree with the majority regarding the calculation of interest from the date of the award to the date of judgment and payment thereafter.[3]

---

[3] I observe that while it might appear inconsistent that plaintiffs be permitted a rate in excess of five percent from the date of injury to the date of the award, and again from the date of the motion to confirm the award to the date of payment, but only five percent from the date of the award to the date of the motion, this is due to the fact that the court, and not the arbitrators, was assigned the task of awarding interest as an element of damages. Normally, the rate of interest used when computing interest as an element of damages is unknown because the arbitration award is not rendered in such specific terms.