CLIFFORD v CLIFFORD

Docket No. 85302. Argued March 6, 1990 (Calendar No. 4). Decided April 9, 1990.

*Rock, McKnight & Long* (by *Richard C. McKnight*) for the plaintiff.

*Ribitwer & McCann, P.C.* (by *Debra N. Ribitwer*); *Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), of counsel, for the defendant.

ORDER

We granted leave to appeal in this case on the question whether the usury statute, MCL 438.31; MSA 19.15(1), was applicable to the property settlement in the consent judgment of divorce entered in this case. We answer the question in the affirmative and order the interest rate on the unpaid principal in question in the instant case reduced to seven percent per annum.

The consent judgment of divorce entered in this case provided, inter alia, that the appellee would obtain sole possession of the marital home and that the appellant would have a lien interest of $28,700 in principal and nine percent simple interest that was due on the occurrence of one of three enumerated events:

a. Within three years from date of entry of Judgment.
b. Upon the death or remarriage of the [wife].

c. Upon the sale or refinancing of the home by the [wife].

The appellant subsequently brought a petition for enforcement of the judgment to recover the unpaid principal of $28,700 and interest due under the terms and conditions of the consent judgment of divorce. The trial court, premising its ruling on the Court of Appeals decision in the case of *Farley v Fischer,* 137 Mich App 668; 358 NW2d 34 (1984), found that the appellant could recover the amount of the principal, but no interest at all. In essence the trial court found that the consent judgment provided for a usurious rate of interest and, consistent with the Court of Appeals decision in *Farley v Fischer,* that MCL 438.32; MSA 19.15(2) barred the payment of any interest at all.

While we agree with the trial court that MCL 438.31; MSA 19.15(1) forbids the charging of the nine percent interest rate provided for in the consent judgment, we conclude that it is appropriate, in these circumstances, to amend the consent judgment to provide for the maximum amount of interest chargeable consistent with the usury law —seven percent per annum. The entry of a consent judgment which, in part, does violate the law must be corrected. Accordingly, pursuant to MCR 7.316(7), we order that the consent judgment be amended so as to reflect a rate of interest of seven percent per annum from the date of entry of the consent judgment, and we remand the case to the Macomb Circuit Court for further proceedings with regard to the calculation of the amount of money owed which is consistent with this order.

We do not retain jurisdiction.