## NORMAN v NORMAN

Docket No. 154157. Submitted June 2, 1993, at Lansing. Decided August 16, 1993, at 9:15 A.M.

Terence L. Norman obtained a divorce from Kathleen A. Norman in the Washtenaw Circuit Court, Henry T. Conlin, J. The parties' consent judgment provided that Terence was to have a lien on the marital home in an amount that was to accrue interest at the rate of "8¾% per annum" and was to become due and payable upon the happening of any of certain listed events. Following the occurrence of one of those events, a dispute arose regarding whether the interest on the lien was to be calculated as simple or compound interest. The court, Melinda Morris, J., determined that the interest was to be compounded annually. Kathleen appealed.

The Court of Appeals *held:*

1. The consent judgment does not state explicitly whether the interest was to be simple or compound. That silence does not equal ambiguity where, as in this case, the law provides a rule to be applied in the absence of a provision to the contrary.

2. In the absence of a statute to the contrary, an explicit agreement of the parties, or some special circumstance dictating otherwise, interest must be calculated on the basis of simple interest rather than compound interest. In this case, there is no statute that specifically provides for the payment of compound interest, the consent judgment does not explicitly provide for compound interest, and there are no special circumstances dictating otherwise. This silence means that the interest must be calculated on the basis of simple interest.

3. The trial court erred in finding that, because the interest rate in the judgment was below market level, there were equitable grounds for imposing compound interest to compensate Terence adequately. The fact that the rate agreed upon may have proved to be inadequate in light of the prevailing interest rates during the time in question is immaterial. The

REFERENCES

Am Jur 2d, Divorce and Separation §§ 842-847; Interest and Usury §§ 59 *et seq.*

See ALR Index under Divorce and Separation; Interest on Money.

interest rate provided for in the consent judgment is usurious and is not inadequate. Terence received an excessive interest rate, whether it is calculated as simple or compound interest.

4. The consent judgment is not ambiguous with regard to the issue of interest and is properly construed as providing for the payment of simple interest.

Reversed and remanded.

1. INTEREST — SIMPLE INTEREST — COMPOUND INTEREST.

In the absence of a statute to the contrary, an explicit agreement of the parties, or some special circumstance dictating otherwise, interest must be calculated on the basis of simple interest rather than compound interest.

2. DIVORCE — JUDGMENTS — INTEREST — USURY.

The usury statute provides that the highest rate of interest that may be authorized in a written instrument is, with certain exceptions, seven percent per annum; the seven percent limitation applies to debts from one spouse to another established pursuant to a judgment of divorce (MCL 438.31; MSA 19.15[1]).

3. DIVORCE — JUDGMENTS — PROPERTY SETTLEMENTS — MODIFICATION.

Modifications of property settlements in divorce judgments are disfavored and, generally, cannot be ordered except under limited circumstances.

*Kidder & Wolfe* (by *C. Christopher Wolfe*), for the plaintiff.

*Law Offices of Peter B. Bundarin* (by *Peter B. Bundarin*), for the defendant.

Before: REILLY, P.J., and SAWYER and P. J. CLULO,\* JJ.

SAWYER, J. The parties were divorced pursuant to a consent judgment of divorce entered on March 27, 1980. The judgment provided, inter alia, that plaintiff was to have a lien on the marital home in the amount of $14,000, which was to accrue interest and was to become due and payable upon the

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

happening of any of certain listed events. One of those triggering events has now occurred and this dispute has arisen concerning whether the interest on the lien was to be calculated as simple or compound interest. The trial court determined that the interest was to be compounded annually. Defendant now appeals, and we reverse.

The consent judgment provided that the lien was to be "with interest to accrue thereon at the rate of 8¾% per annum from the date of entry of this judgment." In reaching its conclusion, the trial court stated that the judgment was not clear regarding how the interest should be calculated and that it would exercise its equitable jurisdiction to make a discretionary decision, which decision was that, in order to adequately compensate plaintiff, it was necessary to calculate the interest as being compounded annually. In so doing, the trial court erred.

First, we have to determine whether the judgment provided for simple or compound interest, or whether it was ambiguous with regard to that point. Although the trial court apparently concluded that the judgment was ambiguous, we must disagree. It is true that the judgment did not state explicitly whether the interest was to be simple or compound, but the analysis does not end there. Silence does not equal ambiguity if the law provides a rule to be applied in the absence of a provision to the contrary. We are satisfied that the law does provide such a rule.

As a general rule, the law disfavors compound interest and will allow for the payment of compound interest only in the presence of a statute or agreement providing for the payment of compound interest, though subject to some exceptions:

The law does not favor compound interest or

interest on interest, but this rule will not prevail in the face of a statute authorizing it. As a general rule, in the absence of contract therefor, express or implied, or of statute authorizing it, compound interest is not allowed to be computed on a debt.

This rule is subject to exceptions growing out of peculiar relations between the parties or the fraudulent conduct of the debtor, and courts of equity sometimes allow the compounding of interest, in order to accomplish a just and equitable settlement. [47 CJS, Interest & Usury, § 6, pp 31-32.]

According to some decisions, compound interest can never be recovered in the absence of an express contract to pay it. On the other hand, other authorities hold that such an agreement may be implied, where the circumstances are such as to justify the implication; and such an implied contract will be as effective as if it were express.

Such a contract may be implied from the established course of dealing between the parties, or from the general custom or usage of trade to charge interest on interest, although the contrary view has been taken; and the striking of a balance may be regarded as evidence of an agreement to pay interest on the interest which is included in such balance. [47 CJS, Interest & Usury, § 11, p 41.]

This general rule is consistent with the Michigan case law. In *Wallace v Glaser,* 82 Mich 190, 191; 46 NW 227 (1890), the Supreme Court recognized that partial payments were first to be applied to interest and then to principal, but that if the payment was less than the amount of interest due, "the surplus of interest must not be taken to augment the principal," or, in other words, interest is not to be compounded. The principles set forth in *Wallace* continue to be recognized to this day. See, e.g., *Niggeling v Dep't of Transportation,* 195 Mich App 163, 167; 488 NW2d 791 (1992);

*Krisfalusi v Krisfalusi,* 178 Mich App 458, 463; 444 NW2d 196 (1989).

Furthermore, this position is consistent with that taken by this Court concerning the interpretation of the judgment interest statute, MCL 600.6013; MSA 27A.6013. In *Schwartz v Piper Aircraft Corp,* 90 Mich App 324; 282 NW2d 306 (1979), this Court concluded that the statute then in effect provided for the calculation of simple interest rather than compound interest. The statute then in effect provided that judgment interest was to be calculated at the rate of "6% per year," which this Court construed to mean simple interest, not interest to be compounded on an annual basis.[1]

Unlike the current version of the judgment interest statute, however, the general interest statute, MCL 438.31; MSA 19.15(1), does not provide that the interest on debts shall be compounded annually. Rather, that statute provides for the interest to be calculated at the rate of "$5.00 upon $100.00 for a year" or, in the case of the interest provided for in a written instrument, a rate "not exceeding 7% per annum," language similar to that construed in *Schwartz, supra.* It is also similar to the language in the judgment of divorce in this case, which provided that the interest would accrue at the rate of "8¾% per annum" from the date of the judgment.

As discussed above, the general rule disfavors compound interest, allowing it only when specifically provided for. In addition to allowing or requiring compound interest by statute, it is generally recognized that parties may contract for the payment of compound interest:

---

[1] Since the *Schwartz* decision, MCL 600.6013; MSA 27A.6013 has been amended to explicitly provide that judgment interest is to be compounded annually.

> It is generally recognized that it is competent for parties to contract for the payment of compound interest or interest on interest, although some courts have placed important limitations on this right. To create such an obligation there must be a direct promise, and it has been held that it is not enough that the note or contract merely provide for annual payment of interest. [47 CJS, Interest & Usury, § 9, p 36.]

In light of the general rule favoring simple interest over compound interest, and in light of the case law, we reach the conclusion that there is a rule to apply regarding simple versus compound interest. Namely, in the absence of a statute to the contrary, an explicit agreement of the parties, or some special circumstance dictating otherwise, the rule in this state is that interest shall be calculated on the basis of simple interest rather than compound interest. In the case at bar, there is no statute that specifically provides for the payment of compound interest, and the parties' agreement, memorialized in the consent decree, does not explicitly provide for compound interest. This silence, rather than being ambiguous, means that the interest shall be calculated on the basis of simple interest rather than compound interest in the absence of some special circumstance dictating otherwise.

As discussed above, it is conceivable that in an equitable action there could be factors that would dictate the imposition of compound interest rather than simple interest in order to achieve equity. However, we need not determine whether such an equitable principle should be applied in Michigan because, even if it should be applied, we do not believe that this case presents such an instance. If the imposition of "equitable" compound interest is appropriate in this state, we think that it should

be limited to the most compelling situations. For example, it might be appropriate to impose equitable compound interest if the party to a divorce action that was obligated to pay the debt was significantly delinquent in paying that debt, necessitating the former spouse to seek the assistance of the court to enforce the judgment. However, in the case at bar, it does not appear that defendant was unduly dilatory in the payment of her obligations under the divorce judgment.[2]

The only basis stated in this case for which there are equitable grounds to require the payment of compound rather than simple interest is the trial court's conclusion that compound interest was necessary to adequately compensate plaintiff, particularly in light of the fact that the interest rate in the judgment was not at market level, but was below market level. We disagree with the trial court that this presents an adequate ground for the imposition of equitable compound interest for at least two reasons.

First, this judgment was a consent judgment agreed to by the parties. Therefore, the parties were free, subject to the limitations of the usury statute, to negotiate an interest rate that would adequately compensate plaintiff for the delay in the payment of his interest in the marital home. The fact that the rate agreed upon may have proved to be inadequate in light of the prevailing interest rates during the time in question is immaterial. It was not the trial court's place, in hindsight, to adjust for the fact that interest rates

[2] We also add, though not relevant to this case, that it may also be appropriate to impose compound interest where the past dealings of the parties, or the custom in the local trade or industry, or similar situation, indicates that interest should be calculated on the basis of compound interest rather than simple interest. Again, because we are not faced with such a situation in the case at bar, we need not determine whether that is an appropriate rule in this state.

proved to be higher during the time in question than that provided for in the judgment.

Second, we note that although 8¾ percent interest rate provided for in the judgment may have been less than the prevailing market rate for interest during the period in question, it was nevertheless usurious. With certain exceptions, the highest rate of interest that may be authorized in a written instrument is seven percent per annum. MCL 438.31; MSA 19.15(1). The Supreme Court has held that the seven percent limitation on interest under the usury statute is applicable to debts from one spouse to another pursuant to a divorce judgment. *Clifford v Clifford,* 434 Mich 480, 481; 453 NW2d 675 (1990). Thus, the interest rate provided for in this consent judgment of divorce is usurious. Accordingly, the interest rate was not inadequate; rather, as a matter of law, plaintiff received an excessive interest rate, whether it be calculated as simple or compound interest.[3] Therefore, because plaintiff is receiving a usurious amount of interest, it can hardly be said that the equities lie in his favor.

For the above reasons, we conclude that the judgment is not ambiguous with regard to the issue of interest. Rather, in light of silence, it must be construed as providing for the payment of simple interest rather than compound interest. Accordingly, to require the payment of compound interest would necessitate a modification of the judgment of divorce. However, modifications of property settlements in divorce judgments are disfavored and, as a general rule, cannot be ordered except under limited circumstances. *Tomblinson v*

---

[3] We note, however, that we do not disturb the interest rate provided for in this judgment. Although it is, in fact, usurious, defendant has not raised that issue. Because the defense of usury is waivable, *Thelen v Ducharme,* 151 Mich App 441, 448; 390 NW2d 264 (1986), we need not address it because the issue was not raised.

*Tomblinson,* 183 Mich App 589, 594-595; 455 NW2d 346 (1990). In the case at bar, the interest being paid by defendant is already usurious and, therefore, any increase in the amount of the interest to be paid by defendant must also be usurious. Clearly, there is no legal principle that would allow the trial court to modify a property settlement in order to impose a usurious rate of interest.

For the above reasons, we conclude that the trial court erred in finding that plaintiff was entitled to receive compound interest rather than simple interest. Accordingly, on remand, the trial court shall enter an appropriate order providing for the payment of simple interest rather than compound interest.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant may tax costs.